UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA JACKSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:21-cv-03120-JPH-KMB ) |
| DENNIS REAGAL, et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS
DEFENDANT AQUA INDIANA, INC. FROM RELATED CASES**

This prisoner civil rights case arises out of an outbreak of Legionnaires' Disease at Pendleton Correctional Facility (PCF) in 2021, which resulted in hundreds of inmates filing civil rights actions in this Court. This case was designated as the "Lead Action" in January 2024. Dkt. 161 at 3. Defendant Aqua Indiana, Inc. (Aqua) filed a motion to dismiss on December 11, 2023, and asked that it be "applied to any applicable responsive pleading deadline in any/all of the Pendleton Correctional Facility Water Cases." Dkt. 142 at 1, n.1.

At that time, most plaintiffs in the related actions were represented by recruited counsel Greg Laker, but many plaintiffs were still proceeding pro se in individual actions, and many actions had not yet been filed. Recruited counsel filed a response in opposition to Aqua's motion to dismiss on February 14, 2024. Dkt. 165. In their response, Plaintiffs conceded that they had not pleaded sufficient facts for Aqua to be liable as a state actor under § 1983. Dkt. 165 at 12. As for the state-law negligence claims against Aqua, the Court held that Aqua had "no duty to mitigate, protect, or warn inmates of water

1

contamination that developed after the water entered PCF." Dkt 207 at 10. The Court granted Aqua's motion on September 26, 2024, and directed the clerk to apply the Court's ruling to the related cases filed before December 2023. *Id.* at 12. On August 11, 2025, Aqua filed a second motion to dismiss, requesting that it be dismissed "from all actions related to [*Jackson*] regardless of when any such action was filed." Dkt. 310. Plaintiffs have not opposed Aqua's motion.

On February 3, 2025, the Court consolidated all cases filed before December 2023 into this action.[1] Dkt. 262. That left Aqua as a defendant in six separate cases:

*Woody et al. v. Reagle et al.*, 1:23-cv-02315-JPH-KMB

*Butler v. Reagle et al.*, 1:24-cv-00059-JPH-KMB

*Brewer v. Reagle et al.*, 1:24-cv-00161-JPH-KMB

*Burk v. Reagle et al.*, 1:24-cv-00250-JPH-KMB

*Tuck v. Reagle et al.*, 2:23-cv-00345-JPH-KMB

*Sanders et al. v. Reagle et al.*, 1:24-cv-01296-JPH-KMB

The Court's original order on Aqua's first motion to dismiss directed the clerk to dismiss Aqua as a defendant in any related case filed before December

---

[1] *Tuck v. Reagle et al.*, 2:23-cv-00345-JPH-KMB, was not included in the parties' motion to consolidate even though it was filed in July 2023. Counsel filed a notice of suggestion of death that Mr. Tuck passed away on November 28, 2024. *Tuck*, dkt. 35. For further background, the Court notes that Mr. Tuck filed his case pro se, and recruited counsel was appointed to represent him on February 6, 2024, before counsel filed the response in opposition to Aqua's motion to dismiss in *Jackson* on February 14, 2024.

2

2023, which included *Tuck v. Reagle et al.*, 2:23-cv-00345-JPH-KMB, filed on July 12, 2023.

The status of Aqua as a defendant in the remaining five cases is more complicated. Recruited counsel filed *Woody et al. v. Reagle et al.*, 1:23-cv-02315-JPH-KMB, on December 29, 2023, after Aqua's motion to dismiss had been filed, but before recruited counsel filed the Plaintiffs' response in opposition on February 14, 2024. Thus, the *Woody* plaintiffs had an opportunity to oppose the motion through their counsel and did so.

Similarly, *Sanders et al. v. Reagle et al.*, 1:24-cv-01296-JPH-KMB was filed by recruited counsel in July 2024, albeit after counsel had responded in opposition to Aqua's motion to dismiss. Nevertheless, there is no doubt recruited counsel was aware of the motion to dismiss at the time *Sanders* was filed and could have moved to supplement the response in opposition if it had been necessary to adequately represent the interests of the plaintiffs in *Sanders*.

*Butler, Brewer*, and *Burke* were all cases filed pro se by individual plaintiffs in early 2024. All three were appointed recruited counsel by July 10, 2024. So, although the pro se plaintiffs may not have been aware of Aqua's motion to dismiss in *Jackson* when they filed their complaints, their appointed counsel was aware of the motion and could have moved to supplement the response in opposition to the motion if needed.

The claims against Aqua were dismissed in the pre-December 2023 cases because Plaintiffs conceded they could not maintain a § 1983 claim against it,

3

and because the Court found that Aqua had no state-law duty to protect Plaintiffs from water that became contaminated after it entered the prison facility. These legal conclusions apply equally to claims raised by Plaintiffs who filed their cases in December 2023 and after. In addition, recruited counsel currently represents plaintiffs in all six of the above actions and did not oppose Aqua's pending motion to dismiss it as a defendant in those actions.[2]

Thus, for the reasons discussed in this Order and the Court's Order Dismissing Aqua from all pre-December 2023 cases, dkt. 207, Aqua's motion to dismiss, dkt. [310], is **granted**.

The **clerk is directed** to dismiss Aqua as a defendant from the following actions:

> *Woody et al. v. Reagle et al.*, 1:23-cv-02315-JPH-KMB
>
> *Butler v. Reagle et al.*, 1:24-cv-00059-JPH-KMB
>
> *Brewer v. Reagle et al.*, 1:24-cv-00161-JPH-KMB
>
> *Burk v. Reagle et al.*, 1:24-cv-00250-JPH-KMB
>
> *Tuck v. Reagle et al.*, 2:23-cv-00345-JPH-KMB
>
> *Sanders et al. v. Reagle et al.*, 1:24-cv-01296-JPH-KMB

The **clerk is directed** to file a copy of this Order in each of these actions as well.

---

[2] Furthermore, the Court could accomplish the same outcome by *sua sponte* reconsidering the order screening the amended complaint under 28 U.S.C. § 1915A to dismiss the claims against Aqua for failure to state a claim. *See Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (internal quotation omitted) (a district court has "discretion to reconsider an interlocutory judgment or order at any time prior to final judgment").

Defendant Town of Ingalls also remains listed as a defendant in *Butler*, *Brewer*, *Burk*, *Tuck,* and *Sanders*, though the Court granted its motion to dismiss as to the Plaintiffs' § 1983 *Monell* claims and ordered the Plaintiffs to show cause why their state-law negligence claims against Ingalls should not be dismissed for the same reasons the Court dismissed their negligence claims against Aqua of Indiana. Dkt. 207 at 12-13.  After that order, on October 11, 2024, the parties filed a joint stipulation of dismissal of Ingalls "from this action and all related actions," dkt. 208, and the Court recognized that joint stipulated dismissal and directed the clerk to terminate Ingalls as a defendant on the docket in all related cases filed before December 2023, dkt. 209.

The parties therefore **MAY SHOW CAUSE by October 17, 2025** why the Town of Ingalls should not also be dismissed from the five cases listed above for the same reasons.  If no response is filed, the Court will dismiss the Town of Ingalls from those cases in accordance with this order.

**SO ORDERED.**

Date: 10/1/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

JOSHUA JACKSON
222115
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

EDWARD C. COOK
998849
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

All electronically registered counsel

Case 1:24-cv-00161-JPH-KMB     Document 36     Filed 10/01/25     Page 6 of 6 PageID #: 68